**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RICARDO FOULKS, | ) |
|     Petitioner/Defendant, | ) ) )   CIVIL NO. 10-cv-905-JPG |
| vs. | ) )   CRIMINAL NO. 01-cr-40066-JPG-5 |
| UNITED STATES of AMERICA, | ) ) |
|     Respondent/Plaintiff. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

    This matter is before the Court on Petitioner Ricardo Foulks' motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. On May 29, 2002, Petitioner pled guilty to one count of conspiring to distribute more than 50 grams of crack cocaine, and two counts of distributing crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Petitioner was ultimately sentenced to 174 months imprisonment, three years supervised release, a fine of $200, and a special assessment of $300 (Docs. 136, 262, criminal case). In his plea agreement, Petitioner waived his right to appeal his sentence, and waived his right to bring a collateral attack against the sentence or the manner in which it was determined, including bringing a motion under § 2255 (Doc. 84, criminal case).

    As grounds for relief in this § 2255 motion, Petitioner argues that he was "convicted of a nonexistent offense" because the trial court found him to be a career offender, based in part on his August 19, 1996, Illinois felony conviction for involuntary manslaughter. Petitioner contends that under *Begay v. United States*, 553 U.S. 137 (2008), and subsequent case law, his involuntary manslaughter conviction should not have been considered a "violent felony," therefore his

criminal history category and his base offense level under the United States Sentencing Guidelines (U.S.S.G.) were improperly raised. This Court applied U.S.S.G. § 4B1.1, finding the involuntary manslaughter conviction to be a "crime of violence" under § 4B1.2(a), thus elevating him to career offender status under § 4B1.1.

Petitioner argues that despite the length of time that has elapsed since his 2002 conviction, this Court has jurisdiction to hear his motion under 28 U.S.C. § 2255(f)(3). Petitioner filed the instant § 2255 motion on November 10, 2010. The *Begay* case was decided on April 16, 2008. The Seventh Circuit has indicated that the one-year deadline for a prisoner to have filed a § 2255 motion raising an argument based on the *Begay* decision started running when the *Begay* decision was handed down. *Harris v. Hollingsworth*, No. 10-3494, slip op. at 3 (7th Cir. March 11, 2011). This is consistent with the Supreme Court's decision in *Dodd v. United States*, clarifying that the one year limitations period under 28 U.S.C. § 2255(f)(3) [formerly codified at 28 U.S.C. § 2255 ¶ 6(3)], begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Dodd v. United States*, 545 U.S. 353, 357-58 (2005) (rejecting the proposition that the one-year filing period should commence with the date that the new right was made retroactive to cases on collateral review). Under this approach, Petitioner would have had to file the instant motion by April 16, 2009; he did not do so.

Petitioner also cites to the Seventh Circuit's decision in *United States v. Woods* as authority for his argument that the involuntary manslaughter conviction should not have been used to sentence him as a career offender. *United States v. Woods*, 576 F.3d 400, 412-13 (7th Cir. 2009) (holding in a direct appeal that Illinois conviction for involuntary manslaughter is not a "violent felony" under the *Begay* analysis, and should not have been used to sentence federal

defendant as a career offender under U.S.S.G. § 4B1.1). While Petitioner's reliance on *Woods* is exactly on point, that decision was issued on August 5, 2009. Even if this Court were to consider (contrary to *Dodd*) Petitioner's filing deadline to have commenced with the date of the *Woods* decision, he has failed to file his § 2255 motion within the required one year period. Under either approach, Petitioner's motion is now time-barred.

Even if Petitioner's motion had been timely filed, he has waived his right to bring a collateral attack on his sentence. Petitioner entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and to a collateral attack under § 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, including any ordered restitution, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Plea agreement at ¶ II - 11 (Doc. 84, p. 9, criminal case).

The Seventh Circuit has held that a waiver of a right to appeal contained within a guilty plea is enforceable, provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 516 U.S. 936 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge

sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of § 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190. *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

For the waiver to apply, however, Petitioner's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon Petitioner's relevant conduct. The maximum penalty for conspiracy to distribute 50 grams or more of cocaine base was 10 years to life. 21 U.S.C. § 841(a)(1) (2001); (Doc. 84, p.5). Based upon the conduct to which Petitioner admitted and others attributed to him, his applicable range of imprisonment under the U.S. Sentencing Guidelines was 262 to 327 months under this Court's finding that he was a career offender with a criminal history category of VI and base offense level of 34 (Doc. 84, p. 6; Doc. 368, p. 2, criminal case). U.S.S.G. § 5 Pt. A (2001). If Petitioner had instead been sentenced under the non-career-offender guidelines, his criminal history category would have been IV, and his base offense level would have been 31, yielding a sentencing range of 151-188 months (Doc. 84, ¶ 7; Doc. 368, p. 1, criminal case). Petitioner was sentenced initially to 262 months, but his sentence was subsequently lowered to 174 months, a term well under the applicable maximum of the sentencing range Petitioner argues should have applied.

There is no basis in the record for avoiding this waiver, as the Court neither relied upon constitutionally impermissible factors in sentencing Petitioner nor sentenced him above the statutory maximum.

Petitioner is procedurally barred from bringing his non-constitutional sentencing guideline claim in a § 2255 motion. Furthermore, because the waiver provisions of a plea agreement are enforceable, Petitioner has waived any right to bring this § 2255 motion. Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

Petitioner has also requested a certificate of appealability in the event that his § 2255 motion is denied. Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Further, Section 2253(c)(3) provides: "The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

Petitioner states no additional grounds for the issuance of a certificate of appealability, other than the issues raised in his motion. For the same reasons as stated above, the Court finds that Petitioner has not made "a substantial showing of the denial of a constitutional right." Accordingly, the motion for a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

DATED:  May 19, 2011

                                             *s/J. Phil Gilbert*
                                             United States District Judge